| Case No. | **CV 18-1031-DMG (SKx)** | Date | February 15, 2018 |
|---|---|---|---|
| Title | *Hollyvale Rental Holdings, LLC v. Esperanza Tapia* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On October 17, 2017, Plaintiff filed an unlawful detainer action against Defendant in Los Angeles County Superior Court. Notice of Removal ("NOR") at ¶ 1 [Doc. # 1]; Complaint at 3–4 [Doc. # 1 at 7–8]; *see also* Ex. B ("Answer") to NOR (Defendant filed answer in state court and served responsive document on October 18, 2017). On February 7, 2018, Defendant removed the action to this Court. [Doc. # 1.] Defendant contends that this Court has original federal question jurisdiction over the matter because "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009' [("PTFA")], 12 U.S.C. § 5201." NOR at ¶ 7. Defendant also asserts that the removal is timely. *Id.* at ¶ 8.

Defendant has failed to discharge the burden of establishing subject matter jurisdiction. *See Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) ("The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."). First, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff brings an unlawful detainer action, which is "purely a creature of California law." *Fed. Nat'l Mortg. Ass'n v. Adame*, No. , 2014 WL 12599851, at *3 (C.D. Cal. June 30, 2014) (quoting *Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL 2194117, at *3 (ND. Cal. June 6, 2011)). Further, "the fact that [Plaintiff] served a notice to vacate under [the PTFA] does not make that federal statute an element, let alone an essential one, of [Plaintiff's] unlawful detainer action." *Id.* (no federal question jurisdiction in unlawful detainer action where defendant raised same argument under PTFA as here).

Second, contrary to Defendant's assertion, the removal is untimely. A defendant must file a notice of removal within 30 days after "receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Plaintiff filed the Complaint on October 17, 2017, and Defendant filed the instant NOR on February 7, 2018, over two months after the 30-day deadline likely had passed. *See* Answer (dated and served October 18, 2017). Defendant provides no explanation for the apparent delay in removing this action to federal court. *See* NOR at 1–3.

Accordingly, this Court lacks subject matter jurisdiction over the action. The action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**